## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| RETHINK35, TEXAS PUBLIC INTEREST RESEARCH GROUP, AND ENVIRONMENT TEXAS, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | |
| TEXAS DEPARTMENT OF TRANSPORTATION; AND MARC D. WILLIAMS, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS DEPARTMENT OF TRANSPORTATION, | § § § § § § § § | Case No. 1:22-cv-00620 |
| *Defendants.* | § | |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME the Texas Department of Transportation (TxDOT) and Marc D. Williams, in his official capacity as TxDOT's Executive Director (collectively, Defendants), in the above-styled and captioned cause, by and through the undersigned Assistant Attorney General, and pursuant to the Federal Rules of Civil Procedure file this Original Answer and Affirmative Defenses to Plaintiffs' Original Complaint for Declaratory and Injunctive Relief. For ease of reference only, without admitting or conceding any assertions made by the headings or other structural elements of Plaintiffs' complaint, this Answer is structured to follow the organization of the Original Complaint.

## DEFENDANTS' ANSWER

1.      Paragraph 1 contains Plaintiffs' characterization of facts and law to which no answer is required, but insofar as an answer is required, Defendants deny them.

2.      Defendants admit that the I-35 Capital Express North project (the "North Project") addresses the portion of Interstate 35 ("I-35") between SH45 North and US290 East. Defendants further admit that the I-35 Capital Express South project (the "South Project") addresses the portion of I-35 between SH71/Ben White Boulevard and SH45 Southeast. Defendants specifically deny the allegation that any decision to expand or widen I-35 has been made under the I-35 Capital Express Program with respect to the portion of I-35 between US290 East and SH71/Ben White Boulevard (the "Central Project"). Defendants further specifically deny the allegation that they have improperly divided or segmented the several projects under the I-35 Capital Express Program. The remainder of Paragraph 2 contains Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiffs' alleged motive and aim in filing this lawsuit, but to the extent an answer to such allegations is required, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 3.

## I.      JURISDICTION

4.      Paragraph 4 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

## II.   VENUE

5.     Defendants admit that portions of I-35 to be improved are located within the Western District and that Defendant TxDOT maintains an office at 125 East 11th Street in Austin, Texas. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 5, but to the extent an answer may be required, Defendants deny them. The remainder of Paragraph 5 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

## III.   PARTIES

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6, but to the extent an answer is required, Defendants deny them.

7.     Defendants admit the allegations in Paragraph 7.

8.     Defendants admit the allegations in Paragraph 8.

## IV.   STANDING

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 9, but to the extent an answer is required, Defendants deny them. Defendants deny the allegations in the second sentence of Paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10, but to the extent an answer is required, Defendants deny them.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of Paragraph 11, but to the extent an answer is required, Defendants deny them. Defendants deny the allegations in the second sentence of Paragraph 11.

## V.     BACKGROUND FACTS

### a.  <u>Initial Studies and Scoping</u>

12.     Defendants admit that TxDOT's Austin District undertook and completed a process referred to as the "I-35 Major Investment Study." The remainder of the first and second sentences in Paragraph 12 contains Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Defendants deny the allegations in the third sentence of Paragraph 12.

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13, but to the extent an answer is required, Defendants deny them.

14.     Defendants admit that TxDOT's Austin District launched a program known as the "Mobility35 Program" or "I-35 Capital Area Improvement Program." The remainder of Paragraph 14 contains Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

15.     Defendants admit that TxDOT released and later updated a document entitled "I-35 Capital Area Improvement Program Corridor Implementation Plan." The remainder of Paragraph 15 contains Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

16.     Paragraph 16 is Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

17.     Paragraph 17 is Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit the allegations in Paragraph 19.

20.     Paragraph 20 is Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

21.     Paragraph 21 is Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

**b.  <u>FHWA Delegates NEPA Duties to TxDOT</u>**

22.     Defendants admit the allegations in the first and fifth sentences of Paragraph 22. The second, third, and fourth sentences of Paragraph 22 are Plaintiffs' conclusions of law to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the cited statutory provision constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

23.     Defendants deny the allegations in Paragraph 23.

**c.  <u>TxDOT's Environmental Assessments and Findings of No Significant Impacts</u>**

24.     Defendants admit the allegations in the first sentence of Paragraph 24. The second sentence of Paragraph 24 is Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

25.     Defendants admit the allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

27.     Defendants admit the allegations in Paragraph 27.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants admit the allegations in the first sentence of Paragraph 30. The second sentence of Paragraph 30 contains Plaintiffs' conclusions of law to which no answer is required, but insofar as an answer is required, Defendants deny them.

### d. TxDOT's Still Pending Central Timeline

31.     Defendants admit the allegations in Paragraph 31.

32.     Defendants admit the allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants admit the allegations in Paragraph 34.

### e. I-35 Capital Express Entire Project Details

35.     Defendants admit the allegations in Paragraph 35.

36.     Paragraph 36 is Plaintiffs' characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

37.     Defendants admit the allegations in Paragraph 37.

## VI.     CAUSES OF ACTION

38.     Defendants deny any allegations implied by Paragraph 38, including specifically those allegations contained in Paragraphs 12–37 that were not admitted.

## CAUSE OF ACTION NO. 1: TxDOT VIOLATED NEPA BECAUSE IT IMPROPERLY SEGMENTED THE I-35 PROJECT INTO NORTH, CENTRAL, AND SOUTH SECTIONS

39.     Paragraph 39 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them.

40.     Paragraph 40 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the National Environmental Policy Act ("NEPA"), the Department of Transportation Act of 1966 ("DOT Act of 1966"), and their respective implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

41.     Paragraph 41 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

42.     Defendants admit the second and third sentences of Paragraph 42. The first and fourth sentences of Paragraph 42 contain Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants deny the allegations in the first sentence of Paragraph 44. The second and third sentences of Paragraph 44 contain Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants

deny them. Additionally, the Texas Uniform Transportation Program ("UTP"), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendants admit the allegations in the fourth sentence of Paragraph 44.

45.　　Defendants deny the allegations of the first three sentences of Paragraph 45. The remainder of Paragraph 45 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

46.　　Defendants deny the allegations of the first and fourth sentences of Paragraph 46. The remainder of Paragraph 46 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

47.　　The first sentence of Paragraph 47 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 47.

48.　　Defendants deny the allegations in Paragraph 48.

## CAUSE OF ACTION NO. 2: TxDOT VIOLATED NEPA BY FAILING TO CONDUCT AN ENVIRONMENTAL IMPACT STATEMENT

49.　　Paragraph 49 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them.

50.　　Paragraph 50 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them.

Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

51.     Paragraph 51 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

52.     Paragraph 52 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the DOT Act of 1966 and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in the first and sixth sentences of Paragraph 54. The remainder of Paragraph 54 contains Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

55.     Defendants deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 55. The second sentence of Paragraph 55 contains Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

56.     Defendants deny the allegations in the first sentence of Paragraph 56. The second, fourth, and fifth sentences of Paragraph 56 contain Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. The third sentence of Paragraph 56 contains conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the cited Environmental Assessment ("EA") itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendants deny the allegations in the last sentence of Paragraph 56.

57.     The first two sentences of Paragraph 57 contain Plaintiffs' characterization of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the cited EA itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendants deny the allegations in the third and fourth sentences of Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

## CAUSE OF ACTION NO. 3: TxDOT VIOLATED NEPA BY FAILING TO TAKE A "HARD LOOK" AT CUMULATIVE IMPACTS

61.     Paragraph 61 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, NEPA, itself, constitutes the best evidence of its contents; therefore,

any allegations to the contrary, about its plain meaning, or made out of context, are denied.

62.     Paragraph 62 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

63.     Defendants admit the allegations in the first sentence of Paragraph 63. The remainder of Paragraph 63 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them.

64.     The first sentence of Paragraph 64 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Defendants deny the allegations in the second and third sentences of Paragraph 64. The fourth sentence of Paragraph 64 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Defendants deny the allegations in the fifth sentence of Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

66.     Defendants deny the allegations in Paragraph 66.

**CAUSE OF ACTION NO. 4: TxDOT FAILED TO COMPLY WITH THE FULL DISCLOSURE REQUIREMENTS OF NATIONAL ENVIRONMENTAL POLICY ACT**

67.     Paragraph 67 contains Plaintiffs' conclusions of law to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

68.     Defendants deny the allegations in the first, third, and fourth sentences of Paragraph 68. The second sentence of Paragraph 68 contains Plaintiffs' conclusions of law to which no answer is required, but insofar as an answer is required, Defendants deny them.

69.     The first sentence of Paragraph 69 contains Plaintiffs' conclusions of law to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, NEPA and its implementing regulations, themselves, constitute the best evidence of its contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied. Defendants deny the allegations in the second sentence of Paragraph 69. The remainder of Paragraph 69 contains Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the cited EAs, themselves, constitutes the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in the first sentence of Paragraph 71. The second sentence of Paragraph 71 contain Plaintiffs' characterization of law to which no answer is required, but to the extent an answer is required, Defendants deny them.  Additionally, Executive Order 12898, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. The third sentence of Paragraph 71 contains Plaintiffs' characterization of facts and conclusions of law to which no answer is required, but insofar as an answer is required, Defendants deny them.

72.     The first and second sentences of Paragraph 72 contain Plaintiffs' characterizations of facts to which no answer is required, but to the extent an answer is required, Defendants deny them. Additionally, the cited EAs, themselves, constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied. Defendants deny the allegations in the third and fourth sentences of Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

## VII.   RELIEF REQUESTED

75.     Defendants deny the allegations in the Relief Requested and deny that the declaratory judgments requested in subparagraphs (a) through (e), or any other relief, is warranted. Additionally, Defendants deny each and every allegation not previously admitted or otherwise qualified.

## <u>AFFIRMATIVE DEFENSES</u>

a.      Plaintiffs' claims for relief are barred because Plaintiffs lack standing.

b.      Plaintiffs' claims for relief are barred because the Court lacks subject-

matter jurisdiction.

c.      Plaintiffs' claims for relief are barred because Plaintiffs fail to state a

claim upon which relief can be granted.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

SUSAN DESMARAIS BONNEN
Deputy Chief, Transportation Division


/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
ASSISTANT ATTORNEY GENERAL
Texas Bar No. 90001724
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com


ATTORNEYS FOR DEFENDANTS
TEXAS DEPARTMENT OF
TRANSPORTATION; AND MARC D.
WILLIAMS, IN HIS OFFICIAL CAPACITY
AS EXECUTIVE DIRECTOR OF THE
TEXAS DEPARTMENT OF
TRANSPORTATION

## **CERTIFICATE OF SERVICE**

I certify that on August 30, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
ASSISTANT ATTORNEY GENERAL